UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LLOYD T. SCHUENKE,

      Petitioner,

v.              Case No. 12-CV-1283-JPS

JUDY P. SMITH,

      Respondent.     ORDER

  On December 17, 2012, petitioner Lloyd T. Schuenke filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He first filed his petition in his own handwriting in paragraph form. (Docket #1). However, Magistrate Judge Aaron Goodstein, to whom this matter was initially assigned, ordered that Mr. Schuenke re-file his petition using the Eastern District's standard form. (Docket #3). Mr. Schuenke re-filed his petition on the correct form, but in most questions on the correct form simply referred the Court to his previous filing. (Docket #5). The Court has now examined both of those petitions, trying to piece together Mr. Schuenke's claims, and will now engage in a Rule 4 screening of his petition.

  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations

bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

Before beginning its legal analysis of Mr. Schuenke's petition, the Court first discusses the state cases on which Mr. Schuenke was sentenced and for which he argues that he is entitled to habeas corpus relief. Here, the Court notes that Mr. Schuenke has failed to provide *any* documentation of these cases, and the Court has attempted to piece together the record of each using publicly available resources, such as the Wisconsin Circuit Court and Wisconsin Court of Appeals Access websites.

The first case Mr. Schuenke points out to the Court is Milwaukee County Circuit Court cases numbered 1990CF4165 and 1991CF0151. However, it appears that in 1990CF4165 all charges against Mr. Schuenke were dismissed. On the other hand, in 1991CF0151, apparently after a jury trial, Mr. Schuenke was convicted of sexual assault in violation of Wis. Stat. § 940.2253. Mr. Schuenke's sentence in that case is unclear from the petition and the publicly-accessible databases, but Mr. Schuenke must have been released prior to September 10, 2001, because on that date he was charged with disorderly conduct in Milwaukee County Circuit Court case number 2001CM8222.

Next, Mr. Schuenke asks the Court to examine Milwaukee County Circuit Court case number 2007CF7162. However, no such case with that number (or any reasonably similar number) exists in Milwaukee County Circuit Court or in any Wisconsin Court of Appeals, so far as the Court has been able to find.

Finally, Mr. Schuenke directs the Court to his latest conviction, in Milwaukee County Circuit Court case number 2008CF4503. In that case, Mr. Schuenke pled guilty by a no contest plea to two separate counts of battery

in violation of Wis. Stat. §§ 940.19(1) and (2). Each of those charges was enhanced under Wis. Stat. § 939.62 for habitual criminality, and the battery charge under Wis. Stat. § 940.19(1) was further enhanced under Wis. Stat. § 939.63 for the use of a dangerous weapon. He received a total sentence of nine years on those charges (a sentence of 4 years on his conviction under Wis. Stat. § 940.19(1) to run concurrent with a sentence of 5 years on his conviction under Wis. Stat. § 940.19(2)) to run concurrent with a separate revocation sentence. He is now currently serving that sentence in the Oshkosh Correctional Institution in Oshkosh, Wisconsin.

Having set forth the case background, the Court now turns to its Rule 4 review of Mr. Schuenke's petition.

The Court begins this analysis by noting that Mr. Schuenke's petition as to case number 2007CF7162 must be dismissed. The Court has been unable to locate any record of that matter, and Mr. Schuenke has failed to provide any documentation whatsoever or even a cognizant overview of the crime with which he was charged in that case or a claim for relief. Even if such a case exists, there is no evidence "that the state courts have had a full and fair opportunity to review" Mr. Schuenke's claims as related to that case, as is required in habeas matters, and therefore the Court is obliged to dismiss the petition. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991); 28 U.S.C. § 2254(b)(1)(A).

Next, the Court examines the timeliness of Mr. Schuenke's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the

U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it appears that Mr. Schuenke's petition is untimely as to each case for which he seeks habeas relief. As to cases numbered 1990CF4165 and 1991CF0151, Mr. Schuenke states in his petition that "between 1993 to 2000, all appellate and postconviction proceedings were utilized." The Court has not been able to find any separate records that would establish his direct appeal of those convictions extended beyond the year 2000. Therefore, it seems that Mr. Schuenke's convictions in those cases became final not later than 90 days after the completion of his direct appeal, which, at the very latest, would have been in the year 2001. Therefore, his petition, as relates to those cases, is untimely by approximately 10 years.

Finally, as to the case numbered 2008CF4503, Mr. Schuenke failed to exhaust his state remedies. conviction still is not final and, therefore, his petition regarding that case is untimely. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell*, 939 F.2d at 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). In case number 2008CF4503, the Wisconsin Court of Appeals affirmed in part, reversed in part, and remanded the judgment of conviction against Mr. Schuenke on January 10, 2011. However, Mr. Schuenke has not yet presented any claim to the Wisconsin

Supreme Court on which it could rule as to this matter. Accordingly, the Wisconsin Supreme Court has not had any opportunity to rule upon Mr. Schuenke's claims and, therefore, his claims are unexhausted. As such, the Court must dismiss his petition. Moreover, if a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Therefore, even if the other cases described above should survive this Rule 4 screen, the Court must nonetheless dismiss Mr. Schuenke's petition in full for his failure to exhaust each claim as related to case number 2008CF4503.

Accordingly,

IT IS ORDERED that Mr. Schuenke's petition for a writ of habeas corpus (Docket #1, #5) be and the same is hereby DISMISSED without prejudice.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of December, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge